IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 17, 2004 Session[1]

**IN THE MATTER OF: K.G., ET AL.**

**Direct Appeal from the Juvenile Court for Dyer County**
**No. 3250   Charles V. Moore, Jr., Judge**

_____

**No. W2003-00809-COA-R3-PT - Filed May 10, 2004**

_____

Mother appeals the trial court's order terminating parental rights and decree of guardianship. We affirm and vacate, in part.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Affirmed in part; Vacated in part; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Barbara A. Deere, Dyersburg, Tennessee, for the appellant, Joyce Spain.

Paul G. Summers, Attorney General and Reporter and Douglas Earl Dimond, Assistant Attorney General, for the appellee, Tennessee Department of Children's Services.

**OPINION**

On February 15, 2001, the State of Tennessee (State) and the Department of Children's Services (DCS, or collectively with the State as the Appellees) filed a petition for temporary custody against J.S. (Mother) alleging that K.G., M.G., S.G., J.G., and A.G. were victims of physical abuse. As alleged in the petition, DCS began investigating this family in November of 2000 after a reference of child abuse from a doctor who had recently seen the children. On the

_____

[1]At oral argument of this case, this Court raised the issue of whether there was a final order from which appellant could appeal. Counsel for appellee responded that the termination order was final only as to appellant but not as to all of the children's fathers. Rather than remanding the case, this Court asked the attorneys to petition the trial court pursuant to Tennessee Rule of Civil Procedure 54.02 to direct the entry of a final judgment as to the appellant in order to expedite the termination proceeding. On April 19, 2004, appellee filed a motion to supplement the record with an order, entered March 31, 2004, from the trial court stated that, pursuant to Tennessee Rule of Civil Procedure 54.02, the appealed termination order is a final judgment as to the termination of appellant's parental rights. By order entered April 21, 2004, this Court granted appellee's motion to supplement the record and directed the trial court clerk to transmit a certified supplemental record to this Court within seven days of this order's entry. On April 28, 2004, a certified supplemental record was filed with this Court.

1

same day of the filing of the petition, the Appellees placed the children in its temporary care and custody pursuant to a protective custody order which found probable cause of dependency and neglect.

On February 20, 2001, in a hearing on the Appellees' petition for temporary custody, a report from the doctor who initially contacted DCS was presented to the court along with a report from the Home Ties program detailing the steps that the Mother had taken since the initial reference of abuse. On March 6, 2001, the trial court entered an interim order finding "that there is probable cause to believe that the children are dependent and neglected, under T.C.A. 37-1-102(b)(12)(B), (G), and (F), due to bruising one or more of them have suffered from whippings with a belt and/or extension cord." The interim order also provided Mother with supervised visitation and appointed her counsel. In addition, the court appointed a guardian ad litem. In March of 2001, two sets of permanency plans were developed for each of the children and approved by the court in May of 2001. In April of 2001, the guardian ad litem filed his report with the court. The report stated that the children told the guardian that they had been spanked with switches, belts, and extension cords.

By order entered May 11, 2001, the trial court allowed the petition for temporary custody to be continued because Mother was indicted for child abuse and neglect by a grand jury. On December 4, 2001, Mother pled guilty to two felony charges of abuse and neglect of a child under six and three misdemeanor charges of child abuse and neglect. She received a sentence of four years which was suspended and placed on probation for four years.

On January 22, 2002, the trial court entered a consent order which memorialized a November 2001 hearing where Mother admitted that the children were dependant and neglected. On May 28, 2002, the Appellees filed a petition to terminate Mother's parental rights. In the petition, Bobby McElrath, alleged father of K.G., Leroy Rodgers, alleged father of M.G., Alan Oliver, alleged father of A.G. and S.G., and Anthony Vaughn, alleged father of J.G., were added as respondents.

On January 10, 2003, Mother filed a motion to dismiss citing procedural defects in the proceedings. One such defect, as alleged by Mother, was the filing of the report of the guardian ad litem because it contained inadmissible hearsay and hearsay within hearsay. The trial on Appellees' petition to terminate parental rights occurred on January 10, 17, and 31 of 2003. A hearing on Mother's motion to dismiss was conducted on the final day of trial. Mother argued that the report along with the attached medical charts were inadmissible hearsay. The trial court dismissed Mother's motion because the report and accompanying charts had already been admitted without objection and were reliable hearsay. In its order terminating the parental rights of Mother, the trial court stated:

> 1. The Court finds, pursuant to 36-1-113(g)(5), that [Mother] has been sentenced to more than two (2) years imprisonment for conduct against the children which has been or is found to be severe child abuse. [Mother] pled guilty to two (2) felony counts of child abuse and three (3) misdemeanor counts of child abuse, with a sentence of more than two (2) years imposed. . . .

2. The Court finds that the judgment in [Mother's] criminal case is final and the guilty plea was not withdrawn by [Mother] as provided by Tennessee Rules of Criminal Procedure 32 (f). The Court further finds that [Mother] was represented by counsel in that matter.

. . . .

5. The Court has not made a finding regarding other grounds for termination of parental rights alleged in the Petition as the Court has found [that] one ground has been proven by clear and convincing evidence . . . .

. . . .

9. That the best interest of the children is served by the Court's ruling and the finding of best interest is by clear and convincing evidence.

10. That it is in the best interest of [K.G., M.G., S.G., J.G., A.G.] and the public that all of [Mother's] parental rights to these children be terminated and the complete custody, control, and full guardianship of [these children] be awarded to the State of Tennessee, Department of Children's Services, with the right to place them for adoption . . . .

. . . .

IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED:

1. That all of the parental rights which [Mother] has to [K.G., M.G., S.G., J.G., A.G.] are hereby forever terminated.

. . . .

3. That [Mother] shall have no further right to notice of proceedings for the adoption of these children, shall have no right to object to the children's adoption, and shall have no relationship, legal or otherwise, with the children.

4. That the complete custody, control and full guardianship of [K.G., M.G., S.G., J.G., A.G.] is hereby awarded to the State of Tennessee, Department of Children's Services, with the right to place them for adoption and to consent to such adoption in loco parentis.

In February of 2003, the trial court entered a default judgment against Leroy Rodgers thereby terminating his parental rights of M.G. The default judgment also stated that Leroy Rodgers "shall have no further right to notice of proceedings for the adoption of this child, shall have no right to object to the child's adoption, and shall have no relationship, legal or otherwise,

with the child." On February 19, 2003, the trial court continued the termination proceedings regarding Bobby McElrath's parental rights of K.G. because of McElrath's incarceration and his request to work towards the return of his daughter upon release. By order entered March 31, 2004, the trial court designated the order terminating the parental rights of mother a final order pursuant to Tennessee Rule of Civil Procedure 54.02.

## Issues Presented

Mother appeals and raises the following issues, as we restate them, for our review:

1. Whether the trial court erred in finding that clear and convincing evidence was established as grounds for termination of [Mother's] parental rights and whether the termination was in the best interests of the children.

2. Whether the trial court erred in admitting into evidence the report of the guardian ad litem.

## Standard of Review

Our standard of review for the termination of parental rights has been enumerated in previous cases:

> A dependent or neglected child includes a child whose parent or guardian, by reason of cruelty, mental incapacity, immorality or depravity, is unfit to care for the child; a child who is under unlawful or improper care or supervision; or a child who is suffering from abuse or neglect. Tenn. Code Ann. § 37-1-102(b)(12)(B)(C)(G)(2001). A trial court's determination that a child is dependent and neglected must be supported by clear and convincing evidence. Tenn. Code Ann. § 37-1-129(c) (2001). The "clear and convincing evidence standard" is more exacting than the "preponderance of the evidence" standard, although it does not demand the certainty required by the "beyond a reasonable doubt" standard. *In re C.W.W.*, 37 S.W.3d 467, 474 (Tenn. Ct. App. 2000) (*perm. app. denied*) (internal citations omitted). To be clear and convincing, the evidence must eliminate any substantial doubt and produce in the fact-finder's mind a firm conviction as to the truth. *Id*. Our review of the trial court's determinations on questions of fact is *de novo* with a presumption of correctness, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d). Insofar as the trial court's determinations rest upon an assessment of credibility, they will not be overturned absent clear and convincing evidence to the contrary. *Wells v. Tennessee Bd. of Regents*, 9 S.W.3d 779, 783 (Tenn. 1999).

*In re D.L., P.C., J.L., A.L., and K.L.*, No. M2003-00088-COA-R3-CV, 2003 WL 22955942, at *1 (Tenn. Ct. App. Dec. 15, 2003).

4

## Grounds for Termination and Best Interest

Tennessee Code Annotated § 36-1-113(c) (2001) governs the termination of parental rights and provides:

(c) Termination of parental or guardianship rights must be based upon:

(1) A finding by the court by clear and convincing evidence that the grounds for termination or parental guardian rights have been established; and

(2) That termination of the parent's or guardian's rights is in the best interests of the child.

T.C.A. § 36-1-113(c). The grounds for termination of parental rights are found in Tenn. Code Ann. § 113(g) (2001). Of importance to this case is the ground found in Tenn. Code Ann. § 36-1-113(g)(5) which provides:

(g) Initiation of termination of parental or guardianship rights may be based upon any of the following grounds:

. . . .

(5) The parent or guardian has been sentenced to more than two (2) years' imprisonment for conduct against the child who is the subject of the petition, or for conduct against any sibling or half-sibling of the child or any other child residing temporarily or permanently in the home of such parent or guardian, which has been found under any prior order of a court or which is found by the court hearing the petition to be severe child abuse, as defined in § 37-1-102(b)(21). Unless otherwise stated, for purposes of this subdivision, "sentenced" shall not be construed to mean that the parent or guardian must have actually served more than two (2) years in confinement, but shall only be construed to mean that the court had imposed a sentence of two (2) or more years upon the parent or guardian.

Tenn. Code Ann. § 36-1-113(g)(5). The trial court found:

[P]ursuant to 36-1-113(g)(5), that [Mother] has been sentenced to more than two (2) years imprisonment for conduct against the children which has been or is found to be severe child abuse. [Mother] pled guilty to two (2) felony counts of child abuse and three (3) misdemeanor counts of child abuse, with a sentence of more than two (2) years imposed. . . .

Mother does not dispute her criminal conviction but rather argues that clear and convincing evidence does not exist because she was not informed that a guilty plea to two felony charges of child abuse would provide automatic grounds for terminating her parental rights. Mother fails to cite any support for her argument and this Court similarly fails to find any. Further, this Court

5

notes that Mother was represented by counsel in her criminal trial. Accordingly, this Court holds that Mother's guilty plea to two felony charges of abuse and neglect of a child under six and three misdemeanor charges of child abuse and neglect provides clear and convincing evidence that Mother was "sentenced to more than two (2) years' imprisonment for conduct against the [children] who [are] the subject of the petition, . . . which has been found under any prior order of a court or which is found by the court hearing the petition to be severe child abuse." Tenn. Code Ann. § 36-1-113(g)(5).

Mother also raises the issue of whether terminating her parental rights is in the best interests of the children. In its order terminating Mother's parental rights, the trial court found that Mother had pled guilty to two felony charges of abuse and neglect of a child under six and three misdemeanor charges of child abuse, that her criminal case was final, and that her guilty plea was not withdrawn by Mother. Further, the trial court entered a consent order whereby Mother had admitted that her children were neglected and dependent. Based upon this evidence and the record as a whole, we find that the evidence supports the trial court's finding, proven by clear and convincing evidence, that it was in the best interest of the children to terminate Mother's parental rights.

## Report of Guardian Ad Litem

Mother next contends that the trial court committed prejudicial error by admitting the report of the guardian ad litem and accompanying medical charts because they were hearsay. Mother relies upon *Toms v. Toms*, 98 S.W.3d 140 (Tenn. 2003) as support for her argument. In *Toms*, the Tennessee Supreme Court held that the guardian ad litem's report, standing alone, was hearsay. *Id*. at 144. Further, the court reversed the immediate transfer of the child because of the trial court's exclusive reliance of the guardian ad litem's report as its basis for transfer. *Id*. at 144-45. In this case, the trial court stated that it "had not made a finding regarding other grounds for termination of parental rights alleged in the Petition as the Court has found [that] one ground[, T.C.A. § 36-1-113(g)(5)] has been proven by clear and convincing evidence . . . ." Therefore, the trial court had sufficient grounds in the Mother's guilty plea to child abuse, apart from the guardian ad litem's report, for its termination of Mother's parental rights.

## Adoption Proceedings for the Remaining Fathers

In its order terminating the Mother's parental rights, the trial court decreed:

> 3. That [Mother] shall have no further right to notice of proceedings for the adoption of these children, shall have no right to object to the children's adoption, and shall have no relationship, legal or otherwise, with the children.

> 4. That the complete custody, control and full guardianship of [M.G., S.G., J.G., A.G.] is hereby awarded to the State of Tennessee, Department of Children's Services, with the right to place them for adoption and to consent to such adoption in loco parentis.

Insofar as the termination of Bobby McElrath's, Alan Oliver's, and Anthony Vaughn's parental rights are not final, the decision of the court to commence the adoption proceedings of S.G., J.G., and AG., as stated in the above quoted paragraphs of the termination order, is vacated until such time as the parental rights of Bobby McElrath, Alan Oliver, and Anthony Vaughn have been determined. However, as the record reflects a final default judgment against Leroy Rodgers, his parental rights are terminated and the adoption proceedings for M.G. may proceed in accordance with above quoted paragraphs of the order terminating Mother's parental rights.

The trial court further decreed:
 5. That the complete custody, control and partial guardianship of [K.G.] is hereby awarded to the State of Tennessee, Department of Children's Services, with the right to place her for adoption and to consent to such adoption in loco parentis, subject to any parental rights of the father.

The trial court continued the termination of parental rights proceedings against Bobby McElrath, father of K.G., because of his incarceration. Therefore, the custody and adoption determination, as quoted in the above paragraph, is affirmed.

### Conclusion

In light of the foregoing, we affirm the trial court's termination of Mother's parental rights but vacate the portion of the court's decision concerning the adoption proceedings of S.G., J.G., and A.G. until such time as the parental rights of Bobby McElrath, Alan Oliver, and Anthony Vaughn have been determined. Costs of this appeal are taxed to the Appellant, Mother, and her surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE

7